# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00055-CV

**L.C., Appellant**

**v.**

**The Texas Department of Family and Protective Services, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
### NO. D-1-GN-06-000484, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## C O N C U R R I N G   O P I N I O N

I join in the majority's analysis and conclusion.

I write separately to express the view that the current system set up by rule by Child Protective Services to investigate and designate individuals as perpetrators of child abuse, and then to place their names in a registry of child abusers without any real means for the individuals to contest the proceedings or obtain timely judicial review, is not merely suspect—it is ill-conceived. This case is an illustration. It is noteworthy that the complaint to CPS here was the product of a contentious divorce and custody fight, and L.C. has not had an opportunity to try or judicially contest the issue of whether she is appropriately labeled a child abuser,[1] or confront or cross-examine any

---

[1] There is substantial evidence in the record to suggest that L.C., a licensed physician, might well obtain a different conclusion regarding her designation as a "perpetrator of child abuse" if she were allowed to contest the matter outside the confines of the CPS bureaucratic process.

witness against her. While not rising to the level of a constitutional due process violation, these procedures should be re-evaluated by the Texas Department of Family and Protective Services and/or the Texas Legislature.

A child abuse registry is an important and useful tool. However, it is also a powerful tool—one that can do great, unwarranted harm to an individual who is designated as a child abuser without appropriate justification.

If CPS believes an individual should be designated as a "perpetrator of child abuse," then CPS should pursue such a designation openly and forthrightly, providing a procedural mechanism for the concerned individual to contest the designation beyond the confines of CPS *at the time the designation is made*. Providing a forum for contesting the designation potentially years after the fact could, as a practical matter, eliminate the ability of an individual to effectively contest the designation, simply due to the passage of time—e.g. loss of witnesses, loss of evidence, or fading memories. It also has the potential to inflict the harm of being in the registry for years on a person who, if he or she could contest the matter, would not be in the registry at all. Telling a concerned parent that he or she will be designated a child abuser and that his or her name will be included in a "confidential" child abuse registry for an indefinite period of time before the parent can obtain meaningful review of the designation is not the sort of process that Texas citizens typically expect or should expect.

The Texas Department of Family and Protective Services can amend this process by rule, and should do so. To the extent the Department fails to do so, the Texas Legislature should exercise its authority to review and improve the procedures associated with the child abuse registry.

_____

G. Alan Waldrop, Justice

Before Justices Puryear, Pemberton and Waldrop

Filed: November 13, 2009